IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN L. DELGADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO.  20-4491 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                         December 1, 2021

Juan L. Delgado seeks review of the Commissioner's decision terminating his supplemental security income ("SSI") benefits.  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.     PROCEDURAL HISTORY**

Plaintiff was born on March 13, 1994, and was originally found disabled beginning on July 1, 1996, when he was two years old, as a result of an inability to concentrate, bipolar disorder, and autism.  Tr. at 75, 84.  When Plaintiff reached adulthood, his claim was reviewed under the adult criteria, and in a decision dated February 19, 2014, Plaintiff's disability was found to have continued into adulthood.  Id.

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action.  No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

at 86-94.² On August 25, 2017, Plaintiff's disability was found to have ceased and Plaintiff's SSI benefits ceased on October 30, 2017. Id. at 75-83, 84-85. On reconsideration, the disability hearing officer affirmed the cessation of benefits, finding that Plaintiff was not disabled. Id. at 102-09, 126-28.

Plaintiff requested a hearing by an administrative law judge ("ALJ"), tr. at 131-35, which took place on June 10, 2019. Id. at 38-60.³ On September 27, 2019, the ALJ issued her decision denying Plaintiff's appeal of the cessation of benefits, finding that Plaintiff's disability ended on August 1, 2017. Id. at 10-23. On July 10, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's September 27, 2019 decision the final decision of the Commissioner. 20 C.F.R. § 416.1472.

Plaintiff initiated this action by filing his complaint on September 14, 2020. Doc. 1. In response to Plaintiff's brief in support of his request for review, see Doc. 21, Defendant "determined that further evaluation of Plaintiff's claim is warranted," and asked the court to remand the matter to allow an ALJ to "consider the opinion evidence

---

²In considering whether a claimant's disability continues or ceases, the last favorable disability determination is frequently referred to as the comparison point decision ("CPD").

³The hearing had previously been convened on December 3, 2018, when Plaintiff requested additional time to obtain counsel, tr. at 62-68, and March 4, 2019, when Plaintiff had obtained counsel, but counsel needed additional time to prepare. Id. at 72-74.

under the correct regulatory framework, take any further action needed to complete the administrative record, and issue a new decision." Doc. 24 ¶¶ 2, 3.

## II.    LEGAL STANDARD

In cases involving a continuing disability review ("CDR"), the entitlement to benefits will be reviewed periodically. 20 C.F.R. § 416.994. A claimant will no longer be entitled to disability benefits if the medical condition causing the disability improves to the extent that the claimant can engage in substantial gainful activity. Id. § 416.994(b). The governing regulations provide for an eight-step inquiry to evaluate whether a claimant remains disabled, the second of which requires the ALJ to compare the severity of the claimant's impairment(s) at the time of the CPD with the current severity of the impairment(s). Id. § 416.994(b)(1)(i), (b)(5).

> For purposes of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.

Id. § 416.994(b)(1)(vii).

## III.    DISCUSSION

In his Brief and Statement of Issues, Plaintiff argues that the ALJ failed to perform any meaningful analysis of the prior evidence or the prior favorable decision. Doc. 21 at 6-9. Although the ALJ acknowledged the CPD in her discussion of medical improvement, see tr. at 14, the ALJ's discussion focused solely on Plaintiff's condition in and around August 2017.

> The medical evidence supports a finding that, by August 1, 2017, there had been a decrease in medical severity of the impairments present at the time of the CPD. Around August 2017, it was reported that [Plaintiff] had no problems remembering, completing tasks, or getting along with others ([tr. at 276]). Despite his autism, ADHD, and developmental delay, it was reported that [Plaintiff] was capable of performing self-care tasks, cooking easy meals, cleaning, helping with laundry, shopping with his parents, and using public transportation independently. He spent every day drawing, playing games, and watching television ([id. at 271-79, 499-507]). During an independent evaluation, [Plaintiff] demonstrated only mild memory problems, and he exhibited no problems with concentration or attention ([id. at 501]). Based on this evidence, [Plaintiff] was no longer precluded from performing simple routine work on a daily basis.

Id. Thus, in discussing medical improvement, the ALJ failed to address the findings from the CPD or compare those findings to Plaintiff's current condition, listing only findings relevant to Plaintiff's current condition and concluding that those findings did not preclude him from performing work. Id.

> "A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(1). If there has been such improvement, the ALJ must next determine whether the decrease in the severity of the claimant's impairments has led to an increase in the claimant's functional capacity to do basic work activities. See id. § 404.1594(b)(3). This analysis, therefore, requires two distinct findings:
>> To apply the medical improvement test, the ALJ must **first** compare the medical severity of the current impairment(s) to the severity of the impairment(s) which was present at the time of the most recent favorable medical decision finding the claimant disabled. See id. § 404.1594(b)(7). **Then**, in order to determine that medical improvement is related to ability to

4

> work, the ALJ must reassess a claimant's
> residual functional capacity (RFC) based on the
> current severity of the impairment(s) which was
> present at claimant's last favorable medical
> decision. See id. § 404.1594(c)(2).
> Shepherd v. Apfel, 184 F.3d 1196, 1201 (10th Cir. 1999)
> (emphasis added). See also Smalls v. Comm'r of Soc. Sec.,
> Civ. No. 90-2048, 2010 WL 2925102, at *4 (D.N.J. July 19,
> 2010); 20 C.F.R. § 404.1594(b)(7). The problem here is that
> the ALJ, at least in part, conflated the analysis as to whether
> medical improvement had occurred and the analysis as to
> whether it related to Plaintiff's ability to work, specifically in
> regard to her RFC.

Dorgan v. Saul, Civ. No. 19-919, 2021 WL 663200, at *4 (W.D. Pa. Feb. 19, 2021).[4]

Here, the ALJ, in summary fashion, concluded that Plaintiff had medical improvement without conducting the required comparison. In requesting remand, the Commissioner has stated that the ALJ will "consider the opinion evidence under the correct regulatory framework, take any further action needed to complete the administrative record, and issue a new decision." Doc. 24 ¶ 3. Thus, the remand will address the concerns raised by Plaintiff in his brief. Therefore, I will grant the motion for remand.

## II.     CONCLUSION

For the foregoing reasons, I will grant the Defendant's uncontested motion for remand. An appropriate Order and Judgment Order follow.

---

[4] The regulations cited by the Dorgan and Shepherd courts refer to the review of the continuation or cessation of disability insurance benefits, the same regulations govern the continuation or cessation of SSI benefits. See 20 C.F.R. § 416.994(b)(1), (b)(1)(iii), (b)(1)(7).